IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
(EASTERN DIVISION)

| | |
|---|---|
| EAST CAROLINA UNIVERSITY,<br><br>                     Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC.,<br><br>                     Defendant. | Civil Action No. _____<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff East Carolina University (hereinafter, "Plaintiff"), by and for its complaint against Defendant Cisco Systems, Inc. (hereinafter, "Defendant"), alleges as follows:

## I. THE PARTIES

1. Plaintiff is a constituent institution of the University of North Carolina and an educational institution chartered under the laws of the State of North Carolina having a principal office at East Fifth Street, Greenville, North Carolina 27858.

2. Upon information and belief, Defendant Cisco Systems, Inc. is a California corporation with a principal place of business at 170 West Tasman Dr., San Jose California 95134.

## II. JURISDICTION AND VENUE

3. This is an action for: (i) trademark infringement and false designation of origin under the Trademark Act of 1946, also known as the Lanham Act, codified at 15 U.S.C. § 1051 *et seq.*; (ii) common law trademark infringement and unfair competition; and (iii) unfair or deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1 *et seq.*

4. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has substantial contacts in the Eastern District of North Carolina by, among other things, maintaining a place of business at 7100-8 Kit Creek Road, Morrisville,

North Carolina 27709 in Wake County, North Carolina, and purposefully availing itself of the benefits and protections of North Carolina law by regularly conducting business in this State and District.

### III.  FACTUAL BACKGROUND

6. Plaintiff is the owner of the federally registered trademark "TOMORROW STARTS HERE" (U.S. Trademark Registration No. 3,950,816, used continuously in commerce since at least March 31, 2002) for "[e]ducation services in the nature of courses at the university level" (the "Mark"). Plaintiff's Mark is valid and enforceable. A copy of the registration certificate for the Mark is attached as Exhibit 1.

7. Plaintiff has also acquired extensive common law trademark rights in the Mark. By way of example, Plaintiff has utilized "TOMORROW STARTS HERE" in association with Plaintiff's College of Technology and Computer Science, research, software development, intellectual property and licensing, in addition to commercialization of technology and software long prior to Defendant's adoption of the identical mark for overlapping goods and services.

8. Plaintiff has invested a considerable amount in advertising utilizing the Mark over the past decade.

9. Upon information and belief, Defendant initiated a purported $100 million advertising campaign on December 10, 2012 utilizing the mark "TOMORROW STARTS HERE." A copy of the new advertising campaign page of Defendant's website is attached as Exhibit 2 along with Defendant's home page at Exhibit 3, and a copy of a news article related to Defendant's use of Plaintiff's Mark is attached as Exhibit 4.

10. Upon information and belief, Defendant applied for three federal trademark applications on December 10, 2012, all for the mark "TOMORROW STARTS HERE" (U.S. Trademark Application Ser. Nos. 85/799,142; 85/799,149; and 85/799,152), (hereinafter, "Defendant's Applications"). Notably, Application Ser. No. 85/799,142 includes a description of the goods: "downloadable electronic instructional materials, namely, manuals, guides, test materials, and magazines in the field of technology."

## IV. FIRST CLAIM FOR RELIEF: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

11. Plaintiff incorporates by reference the preceding allegations of this complaint.

12. On information and belief, Defendant is infringing Plaintiff's Mark by, *inter alia*, using in commerce the "TOMORROW STARTS HERE" mark. Such use in commerce is likely to cause forward and/or reverse confusion, or to cause mistake, or to deceive as to Defendant's affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's commercial activities by Plaintiff.

13. As a direct and proximate consequence of Defendant's actions, Plaintiff has suffered irreparable injury, and will continue to suffer such harm unless Defendant is preliminarily and permanently enjoined from its unlawful conduct.

## V. SECOND CLAIM FOR RELIEF: FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

14. Plaintiff incorporates by reference the preceding allegations of this complaint.

15. Defendant's use of "TOMORROW STARTS HERE" is confusingly similar to Plaintiff's Mark and constitutes false designation of origin, false description, and misrepresentation of Defendant's goods and services, and is likely to cause confusion, mistake, and deception as to the origin, sponsorship, approval, or association of Defendant's goods, services, and commercial activities in violation of 15 U.S.C. § 1125(a).

16. Upon information and belief, Defendant has engaged in this false designation of origin and false description and representation of its goods and services in an effort to willfully, intentionally, and unfairly compete with Plaintiff, and such actions constitute unfair competition.

17. Defendant's actions complained of herein have damaged Plaintiff, and will continue to damage Plaintiff, causing injury to Plaintiff's reputation and goodwill.

## VI. THIRD CLAIM FOR RELIEF: COMMON LAW TRADEMARK INFRINGEMENT

18. Plaintiff incorporates by reference the preceding allegations of this complaint.

19. Defendant's use in commerce of "TOMORROW STARTS HERE" is confusingly similar to Plaintiff's Mark without authorization from Plaintiff. Such unauthorized use by

Defendant constitutes common law trademark infringement.

20. Defendant's unlawful acts violate Plaintiff's common law trademark rights and have damaged and continue to damage Plaintiff's goodwill and business reputation, causing irreparable harm, for which there is no adequate remedy at law. Such unlawful acts and damage will continue to occur unless enjoined by this Court.

### VII. FOURTH CLAIM FOR RELIEF: COMMON LAW UNFAIR COMPETITION

26. Plaintiff incorporates by reference the preceding allegations of this complaint.

27. Defendant's use in commerce of "TOMORROW STARTS HERE" is confusingly similar to Plaintiff's use of the identical Mark and constitutes common law unfair competition.

28. The aforesaid unlawful acts by Defendant will continue unabated unless and until enjoined by this Court.

### VIII. FIFTH CLAIM FOR RELIEF: DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER N.C. GEN. STAT. § 75-1.1 *ET SEQ.*

29. Plaintiff incorporates by reference the preceding allegations of this complaint.

30. Defendant's use in commerce of "TOMORROW STARTS HERE" is confusingly similar to Plaintiff's use of the identical Mark and is an unfair or deceptive act or practice which will cause confusion and/or mistake and/or deceive persons into falsely believing that Defendant's goods and services were sold, licensed, or authorized for sale by Plaintiff and/or otherwise associated with Plaintiff, or cause reverse confusion, all to the damage of Plaintiff, which action by Defendant constitutes an unfair trade practice pursuant to N.C. Gen. Stat. § 75-1.1 *et seq*.

31. Defendant's deceptive and unfair trade practices have damaged Plaintiff's goodwill and business reputation, causing irreparable harm, for which there is no adequate remedy at law. Such unlawful acts and damage will continue to occur unless enjoined by this Court.

### IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable and judgment in

its favor, and against Defendant, for the following:

1. That Defendant be adjudged to have infringed Plaintiff's Mark;

2. That Defendant's infringement be adjudged willful in nature;

3. That, pursuant to 15 U.S.C. § 1116(a), Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing Plaintiff's Mark by, among other things, the following:

   a. Marketing, promoting, printing, using, selling, distributing, or otherwise disseminating, either directly or indirectly, any goods, services, or materials of any sort in any medium of communication, or reproducing or causing others to reproduce any products or packaging incorporating any indicia including the phrase "TOMORROW STARTS HERE" or any variation thereof, and from offering for sale or selling products and services incorporating any indicia including the phrase "TOMORROW STARTS HERE" or any variation thereof;

   b. Manufacturing, having manufactured, producing, having produced, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any products or services under or bearing any indicia including the term "TOMORROW STARTS HERE" or any variation thereof; and

   c. using any false or misleading designations of origin or false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, or display of its products or services under any indicia including the term "TOMORROW STARTS HERE" or any variation thereof;

4. That, pursuant to 15 U.S.C. § 1118, Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

5. An accounting for damages by virtue of Defendant's infringement of Plaintiff's Mark in accordance with 15 USC §1117;

6. Pre-judgment and post-judgment interest and costs by virtue of Defendant's

infringement of Plaintiff's Mark;

7. An award of damages to compensate Plaintiff for Defendant's infringement, pursuant to 15 U.S.C. §§ 1117(a) and 1125;

8. An award of three times the amount of damages to compensate Plaintiff for Defendant's deliberate and willful acts of infringement;

9. An award of damages for unfair or deceptive trade practices under N.C. Gen. Stat. §75-1.1 and direction that such damages be trebled in accordance with N.C. Gen. Stat. § 75-16;

10. That Defendant be directed to pay Plaintiff's reasonable costs and attorneys' fees incurred in connection with this lawsuit, pursuant to 15 U.S.C. §§ 1117(a) and 1125, and N.C. Gen. Stat. §75-16.1; and

11. That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

This 15th day of May, 2013.

By: /s/ Richard T. Matthews
Richard T. Matthews (N.C. Bar No. 32817)
Lynne Borchers (N.C. Bar No. 32386)
MYERS BIGEL SIBLEY & SAJOVEC, P.A.
Post Office Box 37428
Raleigh, North Carolina 27627
Tel. (919) 854-1400
Fax (919) 854-1401

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Complaint** and accompanying exhibits will be served on Defendant via process server, courier, and/or First Class Mail.

Respectfully submitted,

/s/ Richard T. Matthews
Richard T. Matthews (N.C. Bar No. 32817)
MYERS BIGEL SIBLEY & SAJOVEC, P.A.
Post Office Box 37428
Raleigh, North Carolina 27627
Tel. (919) 854-1400
Fax (919) 854-1401

*Attorneys for Plaintiff*