**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**EASTERN DIVISION**
**Civil Action No. 4:13-cv-00123-FL**

EAST CAROLINA UNIVERSITY,

        Plaintiff,

    v.

CISCO SYSTEMS, INC. and
CISCO TECHNOLOGY, INC.

        Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS OF DEFENDANTS CISCO SYSTEMS, INC. AND CISCO TECHNOLOGY, INC.; JURY DEMAND**

        Defendants Cisco Systems, Inc. and Cisco Technology, Inc. (collectively, "Cisco"), by and through their undersigned counsel, respond to Plaintiff East Carolina University's August 1, 2013 First Amended Complaint and Jury Demand (hereinafter "FAC") as follows:

**INTRODUCTION**[1]

        1.      Paragraph 1 contains a legal conclusion to which no response is required.  To the extent a response is required, Cisco denies the allegations contained in Paragraph 1.

        2.      Paragraph 2 contains a legal conclusion to which no response is required.  To the extent a response is required, Cisco denies the allegations contained in Paragraph 2.

        3.      Paragraph 3 contains a legal conclusion to which no response is required.  To the extent a response is required, Cisco denies the allegations contained in Paragraph 3.

        4.      Cisco denies the allegations contained in Paragraph 4.

---

[1] Cisco repeats Plaintiff's Section headers in this Answer solely for ease of reference.  Certain of Plaintiff's Section headers contain legal conclusions to which no response is required.  To the extent a response is required to any of Plaintiff's Section headers, Cisco denies any allegations stated therein.

## THE PARTIES

5. Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies them.

6. Cisco admits the allegations contained in Paragraph 6.

7. Cisco admits the allegations contained in Paragraph 7.

8. Cisco admits the allegations contained in Paragraph 8.

## JURISDICTION AND VENUE

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations contained in Paragraph 9.

10. Paragraph 10 contains a legal conclusion to which no response is required. To the extent a response is required, Cisco does not contest subject matter jurisdiction.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Cisco does not contest personal jurisdiction. As for the second sentence of Paragraph 11, Cisco admits that Defendant Cisco Systems, Inc. maintains a place of business at 7100-8 Kit Creek Road, Morrisville, North Carolina 27709 in Wake County, North Carolina. Except as admitted herein, Cisco denies the remaining allegations contained in Paragraph 11.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Cisco does not contest venue.

## FACTUAL BACKGROUND

13. Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies them.

14. Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore denies them.

2

15.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore denies them.

16.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore denies them.

17.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore denies them.

18.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies them.

*ECU's Rights in the TOMORROW STARTS HERE Mark.*

19.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore denies them.

20.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 20, and therefore denies them. Cisco denies the remaining allegations contained in Paragraph 20.

21.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies them.

22.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and therefore denies them.

23.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore denies them.

24.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies them.

25.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore denies them.

26.     Cisco denies the allegations contained in Paragraph 26.

27.     Cisco denies the allegations contained in Paragraph 27.

28.     As to the allegations contained in Paragraph 28, Cisco states that the Application referred to in Paragraph 28 speaks for itself and is the best evidence of its contents. Cisco states further that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore denies them.

29.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore denies them.

30.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and therefore denies them.

31.     As to the allegations contained in Paragraph 31, Cisco states that the Registration Certificate referred to in Paragraph 31 speaks for itself and is the best evidence of its contents. Cisco admits that ECU's federal registration of the "TOMORROW STARTS HERE" mark is currently available via a free search of the records of the United States Patent and Trademark Office. The last sentence of Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies same. Cisco denies the remaining allegations contained in Paragraph 31.

*Cisco*

32.     Cisco admits the first sentence of Paragraph 32. Cisco further states that its website speaks for itself and is the best evidence of its contents.

33.     Cisco admits that it offers products and services to institutions of higher learning (among many other industries), including colleges and universities in North Carolina, among others. The remaining allegations of the second sentence of Paragraph 33 are vague and ambiguous and Cisco denies these and the remaining allegations contained in Paragraph 33.

34.     Cisco admits that it partners with certain institutions of higher learning through the Cisco Networking Academy. Cisco further admits that it worked with the University of Phoenix so that University of Phoenix students could complete their degrees while simultaneously taking qualifying courses to pass the Cisco® Certified Network Associate (CCNA®) certification.  Cisco further states that the press release and print out of Cisco's website referred to in Paragraph 34 speak for themselves and are the best evidence of their contents.  Cisco denies the remaining allegations contained in Paragraph 34.

35.     Cisco admits that it offers certain certification programs and technical webinars and related products through the Cisco Learning Network, part of Cisco's website located at learningnetwork.cisco.com, which prominently features the CISCO house mark and logo.  Cisco further states that the print outs of Cisco's website referred to in Paragraph 35 speak for themselves and are the best evidence of their contents.  Cisco denies the remaining allegations contained in Paragraph 35.

*Cisco's Infringement of ECU's TOMORROW STARTS HERE Mark.*

36.     Cisco admits that on December 10, 2012 it unveiled a new marketing communication campaign and brand strategy developed by Cisco and the San Francisco-based branding and advertising agency Goodby, Silverstein & Partners.  Cisco denies the remaining allegations contained in Paragraph 36.

5

37.     Cisco admits that its new marketing campaign announced on December 10, 2012 prominently features the mark TOMORROW STARTS HERE. Cisco denies the remaining allegations contained in Paragraph 37.

38.     Cisco admits the allegations contained in Paragraph 38.

39.     Cisco admits the allegations contained in Paragraph 39, and further states that the website speaks for itself and is the best evidence of its contents.

40.     Cisco admits that it planned to spend close to $100 million dollars over the first year of its new marketing communication campaign, which it announced on December 10, 2012.  The remaining allegations of Paragraph 40 are vague and ambiguous and Cisco denies the remaining allegations contained in Paragraph 40.

41.     Cisco states that the interview referenced in Paragraph 41 speaks for itself and is the best evidence of its contents.

42.     Cisco denies the allegations contained in Paragraph 42.

43.     Cisco admits the allegations contained in Paragraph 43.

44.     As to the allegations contained in Paragraph 44, Cisco states that the applications speak for themselves and are the best evidence of their contents.

45.     As to the allegations contained in Paragraph 45, Cisco states that the applications speak for themselves and are the best evidence of their contents.

46.     As to the allegations contained in Paragraph 46, Cisco states that the applications speak for themselves and are the best evidence of their contents.

47.     Cisco admits the allegations contained in Paragraph 47.

## FIRST CLAIM FOR RELIEF
## (FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a), *et seq.*)

48.     Cisco repeats the answers to the allegations set forth above as if the same were set forth herein.

49.     Paragraph 49 contains a legal conclusion to which no response is required.  To the extent a response is required, Cisco denies the allegations contained in Paragraph 49.

50.     Paragraph 50 contains a legal conclusion to which no response is required.  To the extent a response is required, Cisco denies the allegations contained in Paragraph 50.

51.     As to the allegations contained in Paragraph 51, Cisco admits that it has used the TOMORROW STARTS HERE mark in commerce in the United States in connection with the advertising of goods and services. Cisco otherwise denies the remaining allegation in Paragraph 51.

52.     Cisco denies the allegations contained in Paragraph 52.

53.     Cisco denies the allegations contained in Paragraph 53.

54.     Cisco denies the allegations contained in Paragraph 54.

55.     Cisco denies the allegations contained in Paragraph 55.

56.     Cisco denies the allegations contained in Paragraph 56.

57.     Cisco denies the allegations contained in Paragraph 57.

58.     Cisco denies the allegations contained in Paragraph 58.

59.     Cisco denies the allegations contained in Paragraph 59.

60.     Cisco denies the allegations contained in Paragraph 60.

61.     Cisco denies the allegations contained in Paragraph 61.

## SECOND CLAIM FOR RELIEF
### (INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK UNDER 15 U.S.C. § 1114, *et seq.*)

62.     Cisco repeats the answers to the allegations set forth above as if the same were set forth herein.

63.     Paragraph 63 contains a legal conclusion to which no response is required.  To the extent a response is required, Cisco denies same.

64.     Paragraph 64 contains a legal conclusion to which no response is required.  To the extent a response is required, Cisco denies same.

65.     Cisco denies the allegations contained in Paragraph 65.

66.     Paragraph 66 contains a legal conclusion to which no response is required.  To the extent a response is required, Cisco denies same.

67.     Cisco denies the allegations contained in Paragraph 67.

68.     Cisco denies the allegations contained in Paragraph 68.

69.     Cisco denies the allegations contained in Paragraph 69.

70.     Cisco denies the allegations contained in Paragraph 70.

71.     Cisco denies the allegations contained in Paragraph 71.

72.     Cisco denies the allegations contained in Paragraph 72.

73.     Cisco denies the allegations contained in Paragraph 73.

## THIRD CLAIM FOR RELIEF
### (COMMON LAW TRADEMARK INFRINGEMENT)

74.     Cisco repeats the answers to the allegations set forth above as if the same were set forth herein.

75.     Paragraph 75 contains a legal conclusion to which no response is required.  To the extent a response is required, Cisco denies same.

8

76.     As to the allegations contained in Paragraph 76, Cisco admits that it is using in this State its TOMORROW STARTS HERE mark.  Cisco otherwise denies the remaining allegations contained in Paragraph 76.

77.     Cisco denies the allegations contained in Paragraph 77.

78.     Cisco denies the allegations contained in Paragraph 78.

79.     Cisco denies the allegations contained in Paragraph 79.

## FOURTH CLAIM FOR RELIEF
### (COMMON LAW UNFAIR COMPETITION)

80.     Cisco repeats the answers to the allegations set forth above as if the same were set forth herein.

81.     Paragraph 81 contains a legal conclusion to which no response is required.  To the extent a response is required, Cisco denies same.

82.     Cisco denies the allegations contained in Paragraph 82.

83.     Cisco denies the allegations contained in Paragraph 83.

84.     Cisco denies the allegations contained in Paragraph 84.

85.     Cisco denies the allegations contained in Paragraph 85.

## FIFTH CLAIM FOR RELIEF
### (UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER N.C. GEN. STAT. § 75-1.1, *et seq.*)

86.     Cisco repeats the answers to the allegations set forth above as if the same were set forth herein.

87.     Paragraph 87 contains a legal conclusion to which no response is required.  To the extent a response is required, Cisco denies same.

88.     Cisco denies the allegations contained in Paragraph 88.

89.     Cisco denies the allegations contained in Paragraph 89.

90. Cisco denies the allegations contained in Paragraph 90.

91. Cisco denies the allegations contained in Paragraph 91.

92. Cisco denies the allegations contained in Paragraph 92.

93. Cisco denies the allegations contained in Paragraph 93.

94. Cisco denies the allegations contained in Paragraph 94.

95. Cisco denies the allegations contained in Paragraph 95.

96. Cisco denies the allegations contained in Paragraph 96.

**SIXTH CLAIM FOR RELIEF**
**(OPPOSITIONS TO CTI'S APPLICATIONS FOR REGISTRATION UNDER 15 U.S.C. §§ 1064, 1119)**

97. Cisco repeats the answers to the allegations set forth above as if the same were set forth herein.

98. Cisco denies the allegations contained in Paragraph 98.

99. Cisco admits the allegations contained in Paragraph 99.

100. Cisco admits the allegations contained in Paragraph 100.

101. Paragraph 101 contains a legal conclusion to which no response is required. To the extent a response is required, Cisco denies same.

102. Cisco denies the allegations contained in Paragraph 102.

**PRAYER FOR RELIEF**

WHEREFORE, Cisco denies that Plaintiff is entitled to any relief, and prays for judgment on the FAC as follows:

1. That the FAC be dismissed with prejudice and Plaintiff take nothing;

2. That Cisco be awarded its costs and attorneys' fees for defending against the FAC as permitted by law; and

10

3.     That Cisco be awarded such other and further relief as the Court deems just and proper.

**<u>AFFIRMATIVE DEFENSES</u>**

Without conceding that it bears the burden of proof or persuasion as to any of the issues raised in these defenses, as separate and distinct affirmative defenses to the FAC, Cisco alleges as follows:

**<u>FIRST AFFIRMATIVE DEFENSE</u>**
**(Failure to State a Claim)**

Plaintiff fails to state a claim upon which relief can be granted.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**
**(Invalidity and Unenforceability of Trademark)**

Plaintiff's alleged trademark is invalid and/or unenforceable.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**
**(License, Consent and Acquiescence)**

Plaintiff's claims are barred by Plaintiff's license, consent and acquiescence to Cisco's use.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**
**(Standing)**

Plaintiff's claims are barred to the extent that Plaintiff lacks standing.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**
**(Failure to Mitigate Damages)**

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to mitigate damages.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**
**(Innocent Intent)**

Plaintiff's claims are barred, in whole or in part, because Cisco's conduct was in good faith and with non-willful intent, at all times.

## SEVENTH AFFIRMATIVE DEFENSE
### (Fair Use)

Plaintiff's claims are barred because Cisco's alleged conduct constitutes fair use.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims, in whole or in part, are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's claims, in whole or in part, are barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's claims, in whole or in part, are barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Duties or Obligations Violated)

Cisco has violated no duty or obligation owed to Plaintiff under common law, by statute, and/or under any applicable contract or otherwise.

## TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's FAC is barred in whole or in part by the applicable statutes of limitation.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Statute of Repose)

Plaintiff's claims, in whole or in part, are barred by the applicable statute of repose.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's FAC is barred, in whole or in part, by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Due Care and Compliance with Laws)

Cisco acted with due care at all relevant times and complied with all applicable laws, regulations, and standards.

## ADDITIONAL DEFENSES

Cisco reserves the right to amend this Answer and/or assert additional defenses and/or supplement, alter and/or change its Answer upon revelation of more definite facts by Plaintiff in completion of further discovery.

## COUNTERCLAIMS

Cisco Systems, Inc. ("Cisco Systems") and Cisco Technology, Inc. ("CTI") (collectively, "Cisco") counterclaim against Plaintiff East Carolina University ("Plaintiff" or "ECU") for a declaration of non-infringement and invalidity of ECU's alleged TOMORROW STARTS HERE mark and for cancellation of ECU's federal trademark registration of that mark.

## INTRODUCTION

1.      ECU brought this litigation alleging that Cisco's use of the tagline TOMORROW STARTS HERE infringes ECU's alleged trademark rights and is likely to cause confusion in the marketplace.   In particular ECU alleges "reverse confusion," claiming that ECU's target consumer base is likely to believe that ECU's university courses are offered by or affiliated with Cisco due to ECU's and Cisco's use of the term.

2.      ECU is a state university located in Greenville, North Carolina.   Upon information and belief, ECU promotes its educational services primarily to North Carolina residents.  In fact, ECU has stated that "[o]ur resources and programs exist first and foremost to serve the people of North Carolina, especially as we shape the workforce of tomorrow."[2]

3.      Cisco Systems is a well-known world leader in the development of Internet Protocol ("IP") based networking products and services.  Cisco designs, manufactures, and sells IP-based networking and other products related to the communications and information

---

[2]      http://www.ecu.edu/cs-admin/mktg/ecu_tomorrow/new_century_opportunities.cfm   (last accessed on February 14, 2014).

technology ("IT") industries and provides services associated with these products and their use. Cisco uses the tagline "Tomorrow Starts Here" in connection with its integrated marketing campaign referred to as the "Internet of Everything."

4.     In the United States, trademark law does not afford broad protection for a mark from any use, but rather protects against the uses of similar marks, for similar goods and services, marketed to similar consumer groups, such that considering these and other pertinent factors, the concurrent use is likely to *confuse* the relevant consuming public into thinking the two sources are the same or affiliated.

5.     While ECU may wish to control every use of the term "Tomorrow Starts Here," the scope of its rights in the term—if any—is narrow, and is limited to educational services in the nature of university courses and closely related goods and services.

6.     ECU and Cisco are in different industries, offering different goods and services, to different groups of prospective consumers.

7.     There is no likelihood that the relevant consuming public will believe that ECU's university courses and related goods and services originate from or are affiliated with Cisco—or that Cisco's well known IT products are provided by ECU.

8.     Moreover, in order to serve as a trademark, a mark must be distinctive, that is, it must be capable of identifying the source of a particular good or service. A merely descriptive mark, on the other hand, is not inherently distinctive and is protected only if it has acquired "secondary meaning." A descriptive mark acquires secondary meaning when the consuming public comes to associate that mark with a particular source, rather than the descriptive meaning of the term.

9. ECU claims rights in the term TOMORROW STARTS HERE for educational services in the nature of courses at the university level and closely related goods and services.

10. Although ECU claims that it has used the TOMORROW STARTS HERE mark for more than 11 years, upon information and belief, ECU's use of the term "Tomorrow Starts Here" has been sporadic and descriptive of its services—not in the nature of brand usage.

11. In fact, on information and belief, ECU only began using the term as a tagline on the homepage of its website several days *after* Cisco publicly announced its new marketing campaign and tagline TOMORROW STARTS HERE on December 10, 2012.

12. Due to the descriptive meaning of the term "Tomorrow Starts Here" in association with university educational services, a number of other colleges and universities also use the term, as well as closely similar terms.

13. The scope of protection for "weak" marks that are descriptive and/or diluted in the marketplace is far more narrow than for strong, distinctive marks.

14. Upon information and belief, the relevant consuming public, including those in ECU's own home state of North Carolina, does not associate TOMORROW STARTS HERE as a brand of ECU, and—in addition to being unable to establish any likelihood of confusion—ECU cannot establish secondary meaning in the term as a brand for its services.

## JURISDICTION AND VENUE

15. The claims for relief set forth in Cisco's Counterclaims arise under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. § 2201. By virtue of ECU's suit against Cisco for alleged infringement of its claimed rights in the term TOMORROW STARTS HERE, an actual, substantial and continuing justiciable

controversy exists between Cisco and ECU with respect to which Cisco requires a declaration of rights by this Court.

16.     The Court has subject matter jurisdiction over Cisco's Counterclaims under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 15 U.S.C. § 1119, 15 U.S.C. § 1121, and 28 U.S.C. § 2201.

17.     ECU has submitted to the personal jurisdiction of this Court by filing this action.

18.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (3) because Plaintiff resides in this district and Plaintiff is subject to the Court's personal jurisdiction in this district with respect to this action.

## PARTIES

19.     Defendant/Counterclaimant Cisco Systems, Inc. is a California corporation with a principal place of business in San Jose, California.

20.     Defendant/Counterclaimant Cisco Technology, Inc. is a California corporation with a principal place of business in San Jose, California.

21.     Upon information and belief, ECU is an educational institution chartered under the laws of the State of North Carolina with a principal office in Greenville, North Carolina.

## CISCO'S FACTUAL ALLEGATIONS

### ECU and Its Asserted Rights in the Term "Tomorrow Starts Here"

22.     Upon information and belief, ECU is a public university located in Greenville, North Carolina that offers various degree and certificate programs.  Upon information and belief, the vast majority of ECU students are residents of North Carolina, and likewise the vast majority of ECU marketing is targeted at prospective students in the state of North Carolina.

23.     ECU alleges that it started using the mark TOMORROW STARTS HERE "over 11 years ago" and that it first filed an application to register TOMORROW STARTS HERE with the U.S. Patent and Trademark Office ("PTO") years later, on August 26, 2010.

24.     ECU alleges that it was issued U.S. Trademark Registration No. 3,950,816 for the mark TOMORROW STARTS HERE in connection with "[e]ducation services in the nature of courses at the university level" on April 26, 2011.

25.     Upon information and belief, prior to filing this litigation, ECU did not use a ® or ™ symbol in connection with the term "Tomorrow Starts Here."

26.     ECU originally filed this action on May 15, 2013 but never served Cisco with the Complaint.

27.     ECU filed an Amended Complaint, the FAC, on August 1, 2013 and served Cisco on August 5, 2013.

***ECU's Descriptive Use of the Term "Tomorrow Starts Here"***

28.     While ECU alleges that it has used the mark TOMORROW STARTS HERE for over 11 years, upon information and belief ECU's use has been sporadic, descriptive, and not in the nature of trademark use.  ECU began featuring the term more prominently only *after* Cisco publicly launched its "Internet of Everything" marketing campaign and announced its TOMORROW STARTS HERE tagline.

29.     In fact, upon information and belief, ECU only began using the term "Tomorrow Starts Here" as a tagline on the home page of its website ***after*** Cisco announced its new marketing campaign and tagline TOMORROW STARTS HERE on December 10, 2012.

30.     When it has used the term "Tomorrow Starts Here," ECU's use has largely been in descriptive messages about various university programs and initiatives.

17

31.     For example, ECU's website has encouraged potential students to "take a tour of campus so you can see how East Carolina is ensuring that a green tomorrow starts here" and has advertised its environmental initiatives with the phrase "Tomorrow starts here … with you … today!"  A true and correct copy of print outs from ECU's website reflecting this use is attached as Exhibit A.

32.     Similarly, in a description of a YouTube video regarding the value of an education from ECU, ECU states: "ECU students graduate ready to become valuable, contributing members of society. From the moment they enroll, their future begins, their tomorrow starts here.®"[3] A true and correct copy of a print out from ECU's website reflecting this use is attached as Exhibit B.

33.     The ECU School of Dental Medicine website states, "The East Carolina University School of Dental Medicine seeks to recruit, admit, enroll and graduate talented individuals who reflect the diversity of today's society and will become leaders in their profession and in their communities. Tomorrow begins here!"[4] A true and correct copy of a print out from ECU's website reflecting this use is attached as Exhibit C.

34.     The ECU University Style Guide even states that "Tomorrow starts here" is "not the university's motto or slogan; it is a message."[5] A true and correct copy of excerpts from ECU's University Style Guide is attached as Exhibit D.

---

[3]     http://www.ecu.edu/cs-admin/mktg/ecu_video.cfm (last accessed on February 14, 2014).
[4]     http://www.ecu.edu/cs-dhs/dentistry/prospective.cfm (last accessed on February 14, 2014).
[5]     http://www.ecu.edu/cs-admin/univpubs/upload/PubsManual_0610.pdf  (last accessed  on February 14, 2014).

*Other Universities Use "Tomorrow Starts Here" and Closely Similar Terms*

35.     In light of its descriptive meaning for university services, a number of other universities have used the term "Tomorrow Starts Here," and closely similar terms, in connection with their educational services.

36.     For example, since at least 2007, Tarrant County College used the term "Tomorrow Starts Here" on its brochures and website:[6]



A true and correct copy of a print out from Tarrant County College's website reflecting this use is attached as Exhibit E.

37.     Since at least 2009, Rhodes State College in Ohio has used "Your Tomorrow Starts Here" on its website and print media, as well as in YouTube videos and on social media:[7]

---

[6]     http://www.tccd.edu/Documents/Admissions/Application%20for%20Admission.pdf; http://www.tccd.edu/Documents/About%20TCC/PRM/TCC_2013_Fact_Card.pdf (last accessed on February 14, 2014).

[7]     http://www.rhodesstate.edu/admissions.aspx;



A true and correct copy of a print out from Rhodes State College's website reflecting this use is attached as Exhibit F.

38.     Several other universities use closely similar phrases, such as "Success Starts Here," "Your Future Starts Here," and "Your Journey Starts Here."  Attached as Exhibit G are true and correct copies of screenshot examples of other universities' uses of "Tomorrow Starts Here" and closely similar phrases.

***The Term "Tomorrow Starts Here" Is Not Widely Associated with ECU—Even in North Carolina***

39.     Upon information and belief, due to ECU's sporadic and descriptive use of the term "Tomorrow Starts Here," the term is not associated as a brand of ECU.

40.     Upon information and belief, the majority of ECU's students and alumni reside in North Carolina.

http://www.rhodesstate.edu/About%20Rhodes/Office%20of%20the%20President.aspx;
https://twitter.com/RhodesStateLima (last accessed on February 14, 2014).

41. Upon information and belief, the term "Tomorrow Starts Here" is not widely associated as a brand of ECU, even in ECU's home state of North Carolina where ECU directs the vast majority of its marketing efforts.

***Cisco and its "Internet of Everything" Campaign and Use of "Tomorrow Starts Here"***

42. Cisco designs, manufactures, and sells Internet Protocol ("IP")-based networking and other products related to the communications and information technology industries. Cisco also provides services associated with these products and their use.

43. Cisco's global customer base spans nearly every type of public and private agency and business, including large enterprise companies, service providers, and commercial customers of all sizes.

44. CTI is a wholly-owned subsidiary of Cisco Systems, Inc. that owns and licenses intellectual property, including patents and trademarks, to Cisco.

45. In November 2012, CTI filed an application to register the mark TOMORROW STARTS HERE with the Jamaican Intellectual Property Office. On December 10, 2012, on the same day Cisco publicly announced its new marketing campaign featuring the tagline TOMORROW STARTS HERE, Cisco filed applications to register the mark with the U.S. Patent and Trademark Office in International Classes 9, 38, and 42, Application Serial Nos. 85/799,142; 85/799,149; and 85/799,152. These applications were filed in connection with computer hardware and software, the design and development of computer hardware and software, and telecommunications services.

46. On December 10, 2012, Cisco announced a new global marketing campaign called the "Internet of Everything," with the tagline "Tomorrow Starts Here" (the "Marketing Campaign"). Cisco defines the "Internet of Everything" as "bringing together people, process,

data, and things to make networked connections more relevant and valuable than ever before —
turning information into actions that create new capabilities, richer experiences, and unprecedented
economic opportunity for businesses, individuals, and countries."[8]

47.     Cisco's Marketing Campaign serves its corporate strategy of increasing
connectivity and offering its customers advanced network solutions to be prepared for a future in
which the Internet will play a central role.

48.     Cisco uses the Marketing Campaign to promote its networking, communications,
and information technology products and services, including providing core network
infrastructure for enterprise businesses, public institutions, telecommunication companies and
other service providers, and midsize and small businesses.

***Cisco and ECU Are In Different Industries, Offering Different Goods and Services, to Different Consumer Groups***

49.     Upon information and belief, ECU is a public, coeducational, doctoral/research
university and offers over 100 Bachelor degree programs, 85 master's degrees, 21 doctoral
programs, Doctor of Medicine, Doctor of Dental Medicine, and 62 certificates.

50.     Upon information and belief, ECU's marketing efforts primarily target North
Carolina residents.

51.     The decision to enroll in a university is not typically an impulse purchase and is
generally made after careful consideration of the school and its programs.

52.     Cisco is a pioneer in the invention, sale and marketing of devices which are
transforming the way people around the world connect, communicate and collaborate using the
Internet and global information networks.  Cisco's products are used every day to transport
voice, data and video to and over the Internet.

---

[8]     http://share.cisco.com/IoESocialWhitepaper/#/0/2 (last accessed on February 14, 2014).

53.     ECU, as a customer of Cisco's IT products and services, is well acquainted with its offerings.

54.     ECU and Cisco are in different industries, offering differing products and services, to different consumer groups.

55.     While Cisco offers certain certification programs and technical webinars and related products through the Cisco Learning Network, available through Cisco's website located at learningnetwork.cisco.com, such goods and services do not feature the TOMORROW STARTS HERE tagline, and prominently feature the CISCO house mark and logo.

56.     Upon information and belief, ECU has no evidence of any confusion engendered by Cisco's use of the mark TOMORROW STARTS HERE, despite the fact that Cisco has been prominently using the mark for well over a year.

57.     Upon information and belief, no consumers have been confused into believing that ECU's educational services originate from or are affiliated with Cisco—or that Cisco's well known IT products and services originate from or are affiliated with ECU—due to Cisco's use of the tagline TOMORROW STARTS HERE.

## FIRST CAUSE OF ACTION
**(Declaration of Non-Infringement of ECU's Alleged TOMORROW STARTS HERE Mark)**

58.     Cisco repeats the allegations set forth above as if the same were set forth herein.

59.     This is a counterclaim for a declaration of non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

60.     Cisco's use of the tagline TOMORROW STARTS HERE does not infringe ECU's alleged rights in that term.

61. There is no likelihood that the relevant consuming public will believe that ECU's educational services and any related products originate from or are affiliated with Cisco—or that Cisco's well-known IT goods and services originate from or are affiliated with ECU.

62. An actual, substantial and continuing justiciable controversy exists between Cisco and ECU with respect to Cisco's right to use the phrase TOMORROW STARTS HERE in connection with marketing its hardware, software, and networking products and services, and a judicial determination of the parties' rights is necessary and appropriate at this time under the circumstances.

63. Cisco desires a prompt judicial determination of its rights and obligations, and those of ECU, regarding the foregoing. Accordingly, Cisco seeks the Court's declaration that Cisco has not infringed or otherwise violated any rights ECU purports to have in the term "Tomorrow Starts Here."

## SECOND CAUSE OF ACTION
### (Declaration of Invalidity of ECU's Alleged TOMORROW STARTS HERE Mark)

64. Cisco repeats the allegations set forth above as if the same were set forth herein.

65. This is a counterclaim for a declaration of invalidity under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

66. ECU's alleged TOMORROW STARTS HERE mark is invalid because as used by ECU the term is merely descriptive and has not attained secondary meaning such that consumers associate it as an ECU brand.

67. An actual, substantial and continuing justiciable controversy exists between Cisco and ECU with respect to Cisco's right to use the tagline TOMORROW STARTS HERE in connection with marketing its hardware, software, and networking products and services, and a

judicial determination of the parties' rights is necessary and appropriate at this time under the circumstances.

68.     Cisco desires a prompt judicial determination of its rights and obligations, and those of ECU regarding the foregoing.  Accordingly, Cisco seeks the Court's declarations that ECU's alleged TOMORROW STARTS HERE mark is invalid.

**THIRD CAUSE OF ACTION**
**(Cancellation of ECU's Federal Registration No. 3,950,816 pursuant to 15 U.S.C. § 1064 and Rectification of the Trademark Register)**

69.     Cisco repeats the allegations set forth above as if the same were set forth herein.

70.     ECU uses the term "Tomorrow Starts Here" in accordance with its ordinary meaning to describe ECU's educational offerings.  ECU's use of the term, therefore, is merely descriptive and the term has not attained secondary meaning as a result of ECU's use or marketing.  ECU's alleged TOMORROW STARTS HERE mark is, therefore, not entitled to trademark protection and should not have registered with the U.S. PTO.

71.     Cisco has been damaged by the registration of TOMORROW STARTS HERE as a trademark by ECU including but not limited to Cisco's costs and attorneys' fees spent in defending this suit, and any harm to Cisco's reputation due to ECU's false claims of infringement.

72.     Accordingly, pursuant to 15 U.S.C. § 1064, ECU's trademark registration should be cancelled.

**PRAYER FOR RELIEF**

WHEREFORE, Cisco prays for relief on its Counterclaims as follows:

1.     That the Court enter judgment in favor of Cisco and against ECU on Cisco's Counterclaims;

2.     That the Court declare that ECU is not entitled to continue federal registration of the TOMORROW STARTS HERE mark, Registration No. 3,950,816, and order the Director of the U.S. PTO to cancel registration and rectify the register with respect to the registration;

3.     That the Court declare that:

  a.     ECU's alleged TOMORROW STARTS HERE mark is invalid and not entitled to trademark protection; and

  b.     Cisco has not infringed or otherwise violated any rights ECU purports to have in the term TOMORROW STARTS HERE;

4.     That Cisco be awarded its reasonable costs, disbursements and attorneys' fees in this exceptional case to the extent permitted by law; and

5.     That Cisco be awarded such further relief as is just and equitable

Dated:  February 14, 2014   WINSTON & STRAWN LLP


    By:  /s/ Phoebe N. Coddington
     Phoebe N. Coddington (Bar No. 35218)
     pcoddington@winston.com
     WINSTON & STRAWN LLP
     100 North Tryon Street
     Charlotte, NC  28202-1078
     Telephone: (704) 350 7700
     Facsimile: (704) 350 7800

     Gail J. Standish (*by Special Appearance*)
     gstandish@winston.com
     WINSTON & STRAWN LLP
     333 S. Grand Avenue
     Los Angeles, CA 90071-1543
     Telephone: (213) 615-1700
     Facsimile: (213) 615-1750

     Jennifer A. Golinveaux (*by Special Appearance*)
     jgolinveaux@winston.com
     WINSTON & STRAWN LLP
     101 California Street, Suite 3900

San Francisco, CA  94111-5802
Telephone:        (415) 591-1000
Facsimile:        (415) 591-1400

*Attorneys forDefendants*
*CISCO SYSTEMS, INC. and*
*CISCO TECHNOLOGY, INC.*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Cisco hereby demands a jury trial in connection with Plaintiff's claims and Cisco's counterclaims on all issues triable by a jury.

Dated: February 14, 2014   WINSTON & STRAWN LLP


       By:  /s/ Phoebe N. Coddington
          Phoebe N. Coddington (Bar No. 35218)
          Gail J. Standish
          Jennifer A. Golinveaux

          Attorneys for Defendants
          CISCO SYSTEMS, INC. and
          CISCO TECHNOLOGY, INC.

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that on February 14, 2014, a true copy of the foregoing was served by

ECF electronic notice to:

Catharine Biggs Arrowood
Christopher M. Thomas
Parker Poe Adams & Bernstein, LLP
150 Fayetteville Street, Suite 1400
Raleigh, NC 27602
*Attorneys for Plaintiff*

Larry C. Jones
Alston & Bird, LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280
*Attorneys for Plaintiff*

<u>/s/ Phoebe N. Coddington</u>
Phoebe N. Coddington

Dated: February 14, 2014